**A. E. BIGGE et al., Appellants.**

v.

**Miller TALLENT et al., Appellees.**

Supreme Court of Kentucky.

June 11, 1976.

and Eagleston, each of them having acquired an undivided one-half interest by conveyance from a predecessor in title to Tallent. The oil and gas underlying the tract were encumbered by a lease owned by Jarvis Drilling, Inc. It had drilled and equipped oil wells on the property. Tallent filed an action against Bigge, Eagleston, and Jarvis Drilling which, after detailing the ownership of surface and minerals, asserted that the defendants had failed to develop the property for oil and gas and that by reason of such failure their interest in the minerals, the lease, and the equipment in the wells should be forfeited to Tallent. A motion to dismiss for failure to state cause of action was overruled by the trial court, and a subsequent attempt by defendants, who were nonresidents, to file an answer was overruled. Upon submission, the court found that as there had been no production of oil and gas on the premises for more than two years the lease had been forfeited, that the mineral rights and equipment had been abandoned, and that oil was not a mineral. It thereupon adjudged that the title of any of the defendants, Bigge, Eagleston, and Jarvis Drilling, in the minerals was terminated and forfeited to Tallent. The judgment also cancelled the lease and forfeited all of the equipment on the leasehold estate to Tallent on the ground that the property had been abandoned.

There is and has been for many years a clear and concise line drawn between the ownership of minerals and mineral rights and a separate ownership of the surface or surface rights. This court has consistently held that the ownership of either constituted a separate estate. Going further, this court adheres to the rule that one owning or holding the surface to a tract overlying a separate mineral estate holds the minerals as a trustee for their owners. The mere fact that the owner does not use the mineral estate or develop it does not work a forfeiture of the estate. His title to the minerals can only be defeated by acts which actually take minerals out of his possession. This court has consistently held that oil is a mineral, and its ownership is

Thomas E. Utley, Jr., Smith & Blackburn, Somerset, for appellants.

Thomas E. Carroll, Lovelace & Carroll, Albany, for appellees.

PER CURIAM.

Miller Tallent was the owner of the surface only of a tract of land. The oil, gas, and minerals underlying the tract had been conveyed to and were the property of Bigge

subject to the same rights, privileges, and liabilities incident to the ownership of any other mineral. The consequences of the body of law governing ownership of mineral estates and surface estates clearly mandate that the nondevelopment of a mineral estate by the holder of a lease on the minerals does not work a forfeiture for the benefit of an owner of the surface estate. There was absolutely no legal justification for the action of the trial court in forfeiting the mineral estate involved in this proceeding to one whose ownership was limited to that of a surface estate only. Cf. KRS 381.430; *Piney Oil & Gas Company v. Scott,* 258 Ky. 51, 79 S.W.2d 394 (1934); *Curtis-Jordan Oil and Gas Company v. Mullins,* 269 Ky. 514, 106 S.W.2d 979 (1936).

It might be well to note also that the owner of the surface estate is without standing to bring and prosecute any action which would culminate in the cancellation of an oil and gas lease executed by the owners of the mineral estate or in the forfeiture of equipment in abandoned oil and gas wells to the owner of the surface estate upon the ground that such equipment had been abandoned.

The judgment is reversed.

All concur.